# No. 12,225.

## WERNER *v.* NORDEN ET AL.
### (287 Pac. 644)

Decided April 28, 1930.

Mr. E. B. UPTON, Mr. G. F. WALTER, for plaintiff in error.

Mr. J. E. LITTLE, for defendants in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Werner is the owner in fee of a town lot in Cripple Creek. The defendants Eugene A. Norden and Andrew Norden were his tenants and in possession of the property. The defendant Ida Sennett is the record holder of a tax sale certificate of purchase of this town lot, as she asserts, by virtue of an assignment to her by the board of county commissioners of the county which had bid in the property at a tax sale. The defendant McLeod is the county treasurer.

The complaint alleges that James Sennett, the father of defendant Ida, during his lifetime conspired with the defendants Norden and Norden to secure the assignment to him of this tax sale certificate and thereby to secure tax deed title. After the death of James Sennett the record in the county treasurer's office, as the complaint alleges, and there is no proper denial of the same, was changed by making the record appear to be that Ida Sennett, and not James Sennett, was the assignee of the county board of this tax sale certificate. The complaint further alleges that the defendant Ida had applied to the county treasurer for a tax deed and that she was about to secure the same for the use and benefit of the tenants, thus carrying out the alleged conspiracy between her father and the Nordens, to secure for the tenants title to this property. Plaintiff offers to pay the amount of money paid by James Sennett to whomsoever the court may direct, and as the Nordens and Ida Sennett are insolvent, plaintiff is without any plain, speedy or adequate

remedy at law, and therefore he prays for an injunction restraining the issuance by the treasurer of the tax deed to Ida, and for general relief. The complaint specifically charges that unless the relief prayed for is granted, the defendant Ida Sennett will apply for and receive a tax deed to the property on July 2, 1927.

The summons was dated and issued June 29, 1927, and was served, with a copy of the complaint, on all of the defendants on June 29, and the complaint, summons and return thereon were filed in the district court July 6, 1927.

The defendants filed separate answers to the complaint in which are embodied general demurrers. These answers show that tax deed was in fact issued and delivered to the defendant Ida Sennett July 2, 1927. The answers admit the tenancy and the defendants Norden admit paying to Ida the rent after July 2, when the deed purports to have been issued and delivered to her.

The answer of the county treasurer is a statutory denial of the allegations of the complaint as to the change of the record in his office. This statutory denial is insufficient and should have been, and may have been, disregarded by the court because it was a denial of a matter of record in his own office which he is presumed to know, or could have known by examination thereof. *Campbell v. Creighton,* 63 Colo. 478, 167 Pac. 975; *Strong v. Texas Co.,* 70 Colo. 546, 549, 203 Pac. 675. The opinions in both of these cases are that the denial of an allegation for want of knowledge of a matter of record, and easily accessible to a defendant, is of no force and should be disregarded. The substantial and controlling allegations of the complaint are not put in issue by any of the answers. The plaintiff's replication to these answers alleges that the tax deed which the county treasurer issued and delivered to the defendant Ida Sennett, was issued and delivered after the suit was begun and service upon the parties was had and during the pendency of the action, and the record so shows and it is not denied.

342

■ The case, as made by the pleadings and the evidence, is that the defendants Norden and Norden were the tenants of this property by virtue of a lease to them from plaintiff, the fee owner, and during the term of the tenancy the Nordens and James Sennett unlawfully attempted to secure for Sennett title to this property. In other words, the case as made is that tenants of real property, during the time of the tenancy, sought to, and did, obtain the title of their landlord, and assert the same as hostile to him. No citation of authorities is necessary to show that such conduct is not only reprehensible but will not be permitted by the law of the land. This proposition of law is not controverted by the attorney for the defendants. Defendants, however, contend that the court below properly dismissed this action upon the ground that since the treasurer's deed actually issued before the trial of the action, which was several months after its institution, the question involved was then moot and, therefore, the action should have been dismissed at the plaintiff's costs.

■■ We think this judgment of the court is wrong. This action was begun by the landlord against his tenants and the representative of their coconspirators and the county treasurer to restrain the latter from issuing a treasurer's deed to one of the conspirators. During the pendency of the action and before the trial the county treasurer issued, and the devisee of one of the conspirators received, the treasurer's deed for this property. The general rule of law is that where a defendant completes, after the beginning of an action, the act thereby sought to be restrained and before the issue of any final order or decree, the court has the power to, and may, compel, by a mandatory injunction, the restoration of the former condition of things and thereby prevent the giving of an advantage by reason of the wrongful act. And where a defendant does an act thus sought to be restrained, he proceeds at his peril and the court in which the action is

pending may compel a restoration of the former status or grant to the plaintiff such relief as may be proper.

 Norden and Norden, the plaintiff's tenants, through the aid of James Sennett, the father of Ida, wrongfully sought to obtain the title of the landlord Werner to this property during the tenancy. Such conduct, of course, is reprehensible and whatever title is thus wrongfully obtained inures to the benefit of the landlord.

In *Thornton v. Schobe,* 79 Colo. 25, 243 Pac. 617, a similar state of facts existed. In that case an action was brought to enjoin the defendant from violating the covenant that he had made with the plaintiff and where the defendant proceeded to do the act sought to be enjoined while the action was pending. We there said: "If one in the face of a pending suit for an injunction does the thing sought to be enjoined, he cannot thus outwit equity and the court, but must restore the *status quo.*" In *Gratton v. Wilson,* 82 Colo. 239, 259 Pac. 6, it was said: "Even where an injunction has not been issued, if the suit is one for an injunction, the defendant, if he does the thing sought to be enjoined, does so at his peril."

 These cases are directly in favor of the plaintiff. It is no sufficient answer to say, as the defendants do in the action now before us, that the plaintiff might, before the final trial and at any time after the institution of the action, have applied to the court for a temporary injunction to restrain the defendants from carrying out this conspiracy. It is true that the plaintiff might have done so. The fact that he did not do so, however, does not preclude him from insisting upon the right which this court has heretofore said he has to relief by way of injunction, at the conclusion of the trial upon the merits, and he is not to be punished by denial of his right because he did not apply for temporary relief when he instituted the action.

The defendants Norden and Norden, as tenants of the plaintiff, disregarded their duty as tenants and sought to,

and did, obtain for themselves from their landlord an unfair advantage and the title they secured for themselves in law inures to his benefit. The landlord tendered and offered to pay the full amount that these tenants expended in securing this title and that is all that they or their successor in interest are entitled to.

The defendants are mistaken in their assertion that an injunction will never lie to prevent the doing of acts which have been performed. Where the acts have been performed prior to the beginning of the injunction action the general rule is, as stated by counsel and by the author in 32 C. J., pp. 45, 46; but where the acts are performed after the injunction suit is brought a defendant may not as of right proceed to perform the acts sought to be restrained and then be heard to assert in the suit that the injunction will not lie because he has performed these acts before final hearing has been had, but after the beginning of the action. A defendant thus acts at his peril.

The judgment of the district court should be, and it is, set aside and the cause is remanded with instructions to the district court to vacate the same. Further proceedings, if any, must be in accordance with the views expressed in the opinion.

Reversed and remanded with instructions.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE MOORE concur.