No. 19,130.

BILL D. KESTER, ET AL. *v.* MIAMI-YODER JOINT SCHOOL
DISTRICT NO. 60, ETC., ET AL.
(361 P. [2d] 124)

Decided April 17, 1961.

Mr. GEORGE M. GIBSON, for plaintiffs in error.

Mr. GERALD W. BENNETT, Mr. BRIAN J. MULLETT, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE HALL delivered the opinion of the Court.

PLAINTIFFS in error were plaintiffs in the trial court. They are residents of and owners of taxable property in the Miami-Yoder Joint School District No. 60.

On February 11, 1959, they commenced this suit as a class action seeking (1) temporary and permanent injunction restraining the defendants from entering into

any contract for the construction of a school or making additions to the Miami School building near Rush, Colorado, or (2) in the alternative, that the defendants call an election of the voters of District No. 60 to pass on the question of whether a school should be erected near Rush. Plaintiffs also ask for a money judgment in favor of the school district against the defendant directors based on alleged unlawful acts of the directors.

On March 2, 1959, the defendants moved to dismiss the complaint on the ground that it failed to state a claim against defendants upon which relief could be granted.

Hearing on the application for temporary injunction was had and after hearing all testimony offered the trial court found that all of the actions of the defendants were lawful, hence no injunction should be issued, and dismissed the complaint.

Plaintiffs are here by writ of error seeking reversal.

During the oral arguments before this court plaintiffs' counsel informed the court that, following denial of the injunction, defendants entered into a contract with Leo H. Ververs for the construction of the school, the building of which plaintiffs had sought to enjoin, and that the building had been completed and was being used for school purposes.

In view of the foregoing facts the correctness of the trial court's judgment need not be reviewed, the questions presented for determination being entirely moot, the acts sought to be enjoined having all been performed and completed.

The alternative relief requested — a mandatory injunction calling for an election to determine whether a school building should be built which has already been built, would be a futile and useless proceeding.

Counsel for plaintiffs contends that the question whether the school district should recover judgment against its directors for monies alleged to have been spent illegally is not moot. This contention may be true;

however, counsel overlooks the fact that he does not represent the school district or any of the other defendants, and none of the defendants nor anyone representing them asks for any relief in favor of one against the other.

The judgment is affirmed.