### No. C-652

**Board of County Commissioners of Pitkin County v. Friedl Pfeifer and Capital Improvement Corporation, a Texas corporation**

(546 P.2d 946)

Decided February 23, 1976. Opinion modified and as modified rehearing denied March 22, 1976.

276

Oates, Austin & McGrath, J. Nicholas McGrath, Jr., for petitioner.

Slemon, Mazza & LaSalle, Anthony J. Mazza, for respondent Capital Improvement Corporation.

Davis, Graham & Stubbs; Morgan, Lewis & Bockius, for respondent Friedl Pfeifer.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The Board of County Commissioners of Pitkin County (Board) sought review of a court of appeals decision which held that the trial court does not have the power to set aside a conveyance in a suit by the Board on the ground that the grantor violated state and county subdivision requirements. *Board of County Comm'rs v. Pfeifer,* 35 Colo. App. 89, 532 P.2d 51 (1974). The Court of Appeals also held that the Board's pleadings were not adequate to support the issuance of an injunction against any future "use" of the land. We granted certiorari, and we now affirm the court of appeals in part, and reverse in part.

On February 6, 1973, respondent Pfeifer sold and conveyed, allegedly from a larger parcel of land, approximately 23 acres in Pitkin County to respondent Capital Improvement Corporation (Capital). On August 16, 1973, the Board filed a complaint in the district court seeking to set aside the conveyance or, in the alternative, to enjoin Capital from "any use" of the property in question until the applicable state and local subdivision laws were complied with. The Board alleged that such relief was proper because respondents had violated state and county subdivision laws by failing to obtain the approval of its plat by the Board prior to the sale. Section 30-28-110(4), C.R.S. 1973.

The district court granted Capital's motion to dismiss the complaint on the basis that the court had no jurisdiction to set aside a conveyance of land. The court subsequently granted Pfeifer's motion for summary judgment, and entered judgment against the Board on the theory that Capital was a necessary party. The Board appealed to the court of appeals which affirmed the district court. *Board of County Comm'rs v. Pfeifer, supra.*

The Board advances three arguments for reversal: (1) Section 30-28-110(4)(b), C.R.S. 1973, provides the Board with the requisite authority to seek judicial aid in setting aside the completed conveyance; (2) Such authority exists as a matter of public policy; and (3) Section 30-28-124, C.R.S. 1973, grants the Board such authority.

■ At the outset, we note that two well-established principles of law compel us to construe the powers of the Board strictly. First, as a political subdivision of the state, a county possesses only those powers which are expressly granted to it and those implied powers which are reasonably necessary to execute the express powers. *Board of County Comm'rs v. State Board of Social Services*, 186 Colo. 435, 528 P.2d 244 (1974); *Board of County Comm'rs v. Love*, 172 Colo. 121, 470 P.2d 861 (1970); *Skidmore v. O'Rourke*, 152 Colo. 470, 383 P.2d 473 (1963). Second, the statutory provision requiring approval of the plat by the Board prior to the conveyance places a restriction on the free alienation of property, which is one of the essential attributes of common law property ownership. *Buchanan v. Warley*, 245 U.S. 60, 38 S.Ct.16, 62 L.Ed. 149 (1917); *Gray v. Quiller,* 144 Colo. 54, 355 P.2d 99 (1960). Thus, the statute is in derogation of the common law and must be construed strictly. *McMillin v. Colorado,* 158 Colo. 183, 405 P.2d 672 (1965); *Denver v. Thrailkill,* 125 Colo. 488, 244 P.2d 1074 (1952).

■ We are not unmindful of the Board's argument that a statute should be liberally construed to effect the legislative purpose, but such a rule of statutory construction occupies a secondary role when construing the powers of a county which are in derogation of the common law.

I.

The Board contends that, as a matter of statutory construction, section 30-28-110(4)(b), C.R.S. 1973, grants it the power to sue in order to set aside a completed conveyance. The pertinent part of subsection (4) of the statute provides as follows:

"(a) Any subdivider, or agent of a subdivider, who transfers or sells or agrees to sell or offers to sell any subdivided land before a final plat for such subdivided land has been approved by the board of county commissioners and recorded or filed in the office of the county clerk and recorder is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than five hundred dollars for each parcel or interest in subdivided land which is sold or offered for sale. . . .

"(b) The board of county commissioners of the county in which the subdivided land is located has the power to bring an action *to enjoin any subdivider from selling, agreeing to sell, or offering to sell subdivided land before a final plat for such subdivided land has been approved by the board of county commissioners.*" (Emphasis added.)

The earliest predecessor of the above-quoted statute was enacted in 1939, and provided in pertinent part:

"Whoever, being the owner or agent of the owner of any land located within a subdivision, transfers or sells or agrees to sell or negotiates to sell any land by reference to or exhibition of or by use of a plan or plat of a subdivision, before such plan or plat has been approved by such planning commission and recorded or filed in the office of the county recorder, shall

forfeit and pay a penalty of $100 for each lot or parcel so transferred or sold or agreed or negotiated to be sold. . . . *The county may enjoin such transfer or sale or agreement by action for injunction brought in any court of equity jurisdiction or may recover the said penalty by civil action in any court of competent jurisdiction.*" (Emphasis added.) Colo. Sess. Laws 1939, ch. 92, pp. 307-308.

It is interesting to note that the 1939 law stated the remedies available to the county in terms of the disjunctive. It could bring an action to enjoin *or* it could recover the monetary penalty. In 1961, the legislature amended the 1939 law to allow the county to pursue its remedies *concurrently* by changing the disjunctive "or" to the conjunctive "and." At the same time, the legislature increased the monetary penalty to $500 for each offense, and stated that each day of violation constituted a separate offense. Colo. Sess. Laws 1961, ch, 191, 106-2-9(4) at 592-593.

In 1972, the amended 1939 law was repealed and reenacted in the identical form in which we now find it. Section 30-28-110(4), C.R.S. 1973. The 1939 law as amended was altered in several respects. The remedies were separated into different paragraphs, and the monetary penalty was included as part of the punishment for the new criminal penalty of a misdemeanor.

In light of this statutory history, the language of the present statute is quite revealing. It is obvious that one cannot be convicted of a misdemeanor under section 30-28-110(4)(a), C.R.S. 1973, until after one has completed one or more of the prohibited acts set out in the statute. The language of subsection (b) is quite different, in that the phrase "enjoin from" connotes a *preventive* activity. One must *enjoin* another *from* acting *before the act is completed.*

Such a construction is consistent with the general principle of equity that an injunction is primarily a preventive and protective remedy, affording relief against future, rather than past, acts. *Wyman v. Jones*, 123 Colo. 234, 228 P.2d 158 (1951); *Werner v. Norden*, 87 Colo. 339, 287 P.644 (1930); *cf. Seaton Mountain Electric Light, Heat & Power Co. v. Idaho Springs Inv. Co.*, 49 Colo. 122, 111 P. 834 (1910). Although C.R.C.P. 65(f) provides for the issuance of a mandatory injunction, our strict construction of the statutory term "enjoin from" precludes the availability of such relief to the county.

We hold that a person who violates section 30-28-110(4)(a), C.R.S. 1973, may be fined and found guilty of a misdemeanor, but that the county has no authority under section 30-28-110(4)(b), C.R.S. 1973, to seek the setting aside of a conveyance. The clear import of the words of subsection (4)(b) is that the county is limited to *preventing* the various conduct which might violate the statute.

The Board argues, and we agree, that the statute creates a problem for the counties in preventing the sales of land where the sale is completed

and the deed recorded before the county has had the opportunity to secure an injunction. However, the legislature has sought to deter violations by making such conduct a misdemeanor. The legislature apparently determined that this would be an adequate remedy, and we cannot disturb this determination.

## II.

The Board further argues that, as a matter of public policy, it has the power to set aside a conveyance which violates section 30-28-110(4)(a), C.R.S. 1973.

■ The Board contends that an agreement which violates a valid statute, or which cannot be performed without violating such a provision, is illegal and void. *Potter v. Swinehart*, 117 Colo. 23, 184 P.2d 149 (1947); *see* 15 *S. Williston, Law of Contracts* § 1763 (3rd ed. 1972); 6 *A. Corbin on Contracts* § 1510 (1962). However, this statement is not precisely correct.

"It is more accurate to say that *a party to an illegal bargain* generally can neither recover damages for breach thereof, nor, by rescinding the bargain, recover the performance that he has rendered thereunder or its value."

14 *S. Williston on Contracts* § 1630A (3rd ed. 1972).

■ The cases and treatises make clear that the doctrine of illegality of contracts applies only to the parties to the illegal contract who seek to gain some benefit through the use of the courts. The Board recognizes the validity of this limitation but asserts that the doctrine of illegality should nevertheless apply in this case where the Board is charged with enforcement responsibility under the subdivision statute. In another statutory context we might be willing to subscribe to the Board's theory, but in this case the legislature has clearly and expressly established the remedies available to the Board in order to enforce its subdivision requirements, and they are so limited. *Skidmore v. O'Rourke*, 152 Colo. 470, 383 P.2d 473 (1963).

## III.

Finally, the Board argues that it derives its power to set aside the conveyance from section 30-28-124, C.R.S. 1973, which provides in part:

"It is unlawful to erect, construct, reconstruct, alter, maintain, or use any building or structure or to use any land in violation of any regulation in, or of any provisions of, any zoning resolution, or any amendment thereof, enacted or adopted by any board of county commissioners under the authority of this part 1. . . . In case any building or structure is or is proposed to be erected, constructed, reconstructed, altered, maintained, or used, or any land is or is proposed to be used in violation of this part 1 or of any regulation or provision of any resolution, or amendment thereof, enacted or adopted by any board of county commissioners under the authority granted by this part 1, such board . . . in addition to other remedies pro-

vided by law, may institute an injunction . . . to prevent, enjoin, abate or remove such unlawful erection, construction, reconstruction, alteration, maintenance, or use."

The Board argues that due to the broad language in the statute, "use" can be construed to include "sale." We agree with the court of appeals that absent a clear legislative intent to the contrary, the common meaning of the word "use" does not include "sale." *See Blanchard v. Griswold*, 121 Colo. 29, 214 P.2d 362 (1950); *Murphy v. Traynor,* 110 Colo. 466, 135 P.2d 230 (1943); *Estes v. First National Bank of Denver,* 15 Colo. App. 526, 63 P. 788 (1900).

Section 30-28-124, C.R.S. 1973, specifically provides that the Board may seek to enjoin the use of any land which is or is proposed to be used in violation of any of the provisions of part 1 of article 28 of title 30. Under this section, the second claim for relief in the Board's complaint sought to enjoin the future use of the subject property until the applicable subdivision requirements were met.

The district court dismissed this claim, and the court of appeals affirmed on the theory that the complaint "contained no allegation as to the contemplated use of the land, other than the sale. . . . The eventual use to which Capital may put the land is not before us."

A complaint seeking injunctive relief must state with some particularity the basic facts justifying the relief sought. *See Crowe v. Wheeler*, 165 Colo. 289, 439 P.2d 50 (1968). The issue as framed in this case is, what facts must be pled in the case of an alleged violation of section 30-28-110(4)(a), C.R.S. 1973, to authorize relief under section 30-28-124, C.R.S. 1973.

Ordinarily, the actual or proposed use itself would constitute the "violation" under section 30-28-124, C.R.S. 1973. However, the alleged violation complained of in this case is the failure to secure the approval of the plat by the Board. This violation will continue until the Board actually approves the plat. Therefore, under the facts of this case, the Board's second claim for relief adequately pled the necessary facts upon which relief may be granted. The Board is entitled to a trial on this claim.

The judgment is affirmed in part, and reversed in part, and returned to the court of appeals with directions to remand to the district court for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE PRINGLE dissents in part and concurs in part.

MR. JUSTICE GROVES does not participate.

MR. CHIEF JUSTICE PRINGLE dissenting in part and concurring in part:

I respectfully dissent from those portions of the majority opinion numbered I, II, and III.

Basically, the position expressed in those sections is that under section 30-28-110(4)(b), C.R.S. 1973, the Board of County Commissioners has the power to prevent a sale in violation of the subdivision laws, but has no power to deal with the violation after the sale is completed except to seek the nominal fine provided by statute. I view such construction of the statute as completely subversive of the legislative purpose. In effect, what the majority says is that if you can conceal the negotiations and sale of real property from the commissioners until after the sale is made, the sale which you make in violation of the statute somehow attains legality. In my view, any sale which the commissioners are authorized by statute to seek to restrain before it happens, they may seek to set aside after it happens. Any other construction seems to me to be artifically and hypertechnically restrictive.