MR. JUSTICE KELLEY
delivered the opinion of the Court.
The Board of County Commissioners of Lake County (Board) sought review in this court of a Court of Appeals decision affirming judgments of the District Court of Lake County in Donald A. Hinton and Jeanne A. Hinton v. Lake Fork Development Company (Civil Action No. 8093), and in Board of County Commissioners of the County of Lake v. Joe Bobbitt; A. N. Bobbitt; Leslie W. Burroughs, Trustee; and James Erger (Civil Action No. 8158). The trial court in No. 8158 held that the Board lacked the authority to set aside a conveyance in violation of state and county subdivision laws, and in No. 8093 it held that the Board was properly denied intervention in a specific performance suit involving the land in question. Hinton v. Lake Fork Development Company, 35 Colo. App. 94, 531 P.2d 974 (1974). We granted certiorari, and we now affirm.
On August 1, 1972, Lake Fork Development Company (Lake Fork) entered into a written contract to convey a certain tract situated in Lake County to Donald A. Hinton and Jeanne A. Hinton (the Hintons). The contract described the tract by metes and bounds and recited that it contained 35.247 acres (although there is some question as to the accuracy of this recital as shall later appear). On March 7, 1973, the Hintons commenced Civil Action No. 8093, a specific performance suit, against Lake Fork to enforce the contract. While the specific performance action was pending, Lake Fork conveyed all or a substantial portion of its holdings in Lake County to Joe Bobbitt and A. N. Bobbitt (the Bobbitts), who apparently were the owners and officers of the grantor corporation. On June 19, 1973, the Bobbitts conveyed approximately 19 acres to one Burroughs by warranty deed describing what purports to be a 35-acre tract, and excepting therefrom a tract containing 16.247 acres. The tract excepted by the deed to Burroughs was conveyed on the same date by the Bobbitts to one Erger.
On June 22, 1973, the Board filed its complaint in Civil Action No. 8158 seeking to enjoin the Bobbitts “from selling, agreeing to sell or offering to sell any further property in Lake County without prior approval” (emphasis added) of any plat by the Board and requesting that the conveyances to Burroughs and Erger be set aside because they violated section 30-28-110(4), C.R.S. 1973.
On July 5, 1973, the Hintons filed a motion to join Erger as a party defendant in Civil Action No. 8093 alleging that Lake Fork had conveyed its interest “in and to the property described in the Plaintiffs’ Complaint to the party, JAMES ERGER.” Subsequently, on July 30, 1973, a second motion was filed to join Joe Bobbitt and A. N. Bobbitt alleging that Lake Fork had conveyed its interest “in and to the property described in the *396 Plaintiffs’ Complaint to the parties JOE BOBBITT and A. N. BOBBITT, who in turn have conveyed the above-described property to JAMES ER-GER.” These references were to the 16.247-acre tract.
On October 3, 1973, the court ordered that the Bobbitts and Erger be joined as parties defendant. On the same date, the court entered judgment for specific performance ordering Erger to convey to the Hintons the 16.247-acre tract. The deed from Erger to the Hintons was executed the following day.
On October 9, 1973, the Board applied to the court for leave to intervene in Civil Action No. 8093 and to file a motion for new trial, claiming an interest relating to the property which is not adequately represented by existing parties. The motion to intervene was grounded on the allegation that the Bobbitts in conveying tracts of less than 35 acres to Burroughs and Erger had violated the state and county subdivision laws by not securing the Board’s approval of a plat prior to the sale in violation of section 30-28-110(4), C.R.S. 1973, and the county’s subdivision regulations.
The issue presented by Civil Action No. 8093 relates to the denial by the trial court of the Board’s motion to intervene after the decree of specific performance had been entered, but before the time for filing a motion for new trial had expired.
The issue in Civil Action 8158, as stated by the county attorney in his petition for a writ of certiorari to the court of appeals, is whether, in the circumstances here, “a court of equity has jurisdiction to do whatever is necessary to afford complete relief to the parties before it.” We answered this question in Board of County Comm’rs v. Pfeifer, No. C-652, announced February 23, 1976. We resolved this adversely to the Board. The Board also contends that the court has the power under section 30-28-110(4)(b), C.R.S. 1973, to set aside the transfers which constituted the “subdividing” of the tract into parcels of less than 35 acres before a final subdivision plat has been approved. The issue in Civil Action No. 8158 was resolved against the county in Pfeifer, and we will not repeat it here.
The answer to the issue in Civil Action No. 8093 follows logically from the conclusion we reached in Pfeifer. The court’s order of specific performance was entered, and the deed conveying the 16.247 acres from Erger to the Hintons was executed before the motion to intervene was filed. Also, we note that Erger was not a subdivider, having conveyed the same 16.247-acre tract that had been conveyed to him by the Bobbitts. Section 30-28-101(10)(a) and (b), C.R.S. 1973. The court properly denied the motion to intervene.
Our holding here does not leave the county commissioners without a remedy. We noted in Pfeifer that:
“Section 30-28-124, C.R.S. 1973, specifically provides that the Board may seek to enjoin the use of any land which is or is proposed to be used in violation of any of the provisions of part 1 of article 28 of title 30.”
*397 The judgment of the court of appeals affirming the trial court in Civil Action Nos. 8093 and 8158 is affirmed.
MR. CHIEF JUSTICE PRINGLE dissents.
MR. JUSTICE GROVES does not participate.