**MARTYNES AND ASSOCIATES, NO. 1, a Colorado Limited Partnership, by William H. MARTYNES, its General Partner; and Atchison and Associates, a Colorado Partnership, Plaintiffs-Appellees,**

v.

**DEVONSHIRE SQUARE APARTMENTS, a Colorado Partnership; Gerald Olesh, As General Partner of Devonshire Square Apartments, Personal Representative of the Estate of Jack Simon and individually; and Deanne Sue Simon and Solomon Girsh, As Personal Representatives of the Estate of Jack Simon, Defendants-Appellants.**

No. 83CA0604.

Colorado Court of Appeals,
Div. III.

March 15, 1984.

Cross, Gaddis, Kin & Quicksall, P.C., James W. Kin, Colorado Springs, for plaintiffs-appellees.

Girsh, Rottman & Bromberg, P.C., Solomon Girsh, Denver, for defendants-appellants.

STERNBERG, Judge.

The plaintiffs, who are the present owners of an apartment house, brought this declaratory judgment action to determine the obligation for payment of interest under the terms of a promissory note and deed of trust. The trial court granted their

motion for summary judgment and the defendants appeal. We affirm.

Defendant Gerald Olesh is the surviving general partner of defendant Devonshire Square Apartments, a Colorado partnership which consisted of Olesh and Simon. Simon is deceased. Olesh and defendants Deanne Sue Simon and Solomon Girsh are the personal representatives of Simon's estate.

Defendant Olesh and Simon (O & S) were at one time owners of the property. When a predecesor in title, Miller, purchased the property, he executed a promissory note payable to Pan-American Life Insurance Company which was secured by a deed of trust. The note contained a provision relating to the payment of additional interest, contingent upon the yearly gross income of the property exceeding a stated figure. This note and the trust deed were assumed by O & S when they bought the apartment house. O & S sold the property to one Wall who secured payment of the purchase price by a note and trust deed in favor of O & S. These documents provided that O & S remained liable on the Pan-American note, and that the sale to Wall was subject to the Pan-American trust deed.

Of critical importance to this dispute is a rider to the Wall-O & S deed of trust which provided that Wall would not be obligated to pay the contingent interest due Pan-American unless he assumed that deed of trust. In the event of such assumption of liability, Wall would be obligated to pay such interest from the day of the assumption. After several conveyances of title the plaintiffs purchased the property. They took it subject to the Pan-American and O & S notes and deeds of trust.

Thereafter, the plaintiffs and Wall executed an assumption and assignment of promissory note and deed of trust, by which plaintiffs assumed all of Wall's obligations and benefits as set out in the O & S note and deed of trust.

Gross income from the property exceeded the stated amount for fiscal 1981 and, under the terms of the Pan-American note, contingent interest became due. The plaintiffs demanded payment of this amount from O & S, who denied liability and refused to pay.

Plaintiffs paid the amount to Pan-American under protest to avoid possible foreclosure of the property, and brought this action. Plaintiffs then filed a motion for summary judgment, supported by an affidavit, prior to defendants' answer.

From the documents before it and after argument, the court concluded that the terms of the promissory note and deed of trust executed by Wall and O & S in April 1974 were clear and unambiguous and that under its terms the holders of the Pan-American note and deed of trust, O & S, remained obligated to pay the contingent interest pursuant to the express terms of the rider.

Accordingly, the trial court granted the motion and ordered defendants to pay the contingent interest until such time as the debtor under the O & S note and deed of trust assumed and agreed to pay the Pan-American note and deed of trust. The court also ordered defendants to reimburse plaintiffs for the contingent interest they had paid.

## I.

Defendants first argue that there was a genuine issue of material fact, and thus, summary judgment was inappropriate. We disagree.

Defendants alleged that Wall and O & S, in contracting for the promissory note and deed of trust, had no intention of conferring the benefits of the contract upon anyone other than Wall. Intention of the parties being a genuine issue of material fact, defendants contend the trial court erred in granting plaintiffs' motion for summary judgment.

 Summary judgment is proper only when there is no genuine issue as to any material fact, and when the moving party is entitled to judgment as a matter of law. *Abrahamsen v. Mountain States Telephone & Telegraph Co.*, 177 Colo. 422, 494

P.2d 1287 (1972). The intention of the parties is to be determined primarily from the contract itself, and if the contract consists of a written instrument, the determination of the effect of the instrument is a matter of law. *Radiology Professional Corp. v. Trinidad Area Health Ass'n, Inc.*, 195 Colo. 253, 577 P.2d 748 (1978); *International Technical Instruments, Inc. v. Engineering Measurements Co.*, 678 P.2d 558 (Colo.App.1983). Extraneous evidence of intent is admissible only if the contract terms are ambiguous. *Radiology Professional Corp., supra.*

■ There is no ambiguity here. The rider stated that:

"[U]ntil such time as debtor assumes and agrees to pay the Promissory Note secured by the aforesaid Deed of Trust the installments of principal and interest due thereon shall be paid by the holder of the Promissory Note secured by this Deed of Trust."

It also provided that "it is understood and agreed that debtors shall not be obligated to pay any contingent interest due to Pan-American," unless the debtor assumed the Pan-American and Miller deeds of trust. We agree with the trial court that the provisions of the operative documents were clear and unambiguous, and therefore, defendants' argument regarding the parties' intent was not material.

Defendants' related argument that there is no indication that the rider provisions were intended to provide a benefit to anyone except the contracting parties is also without merit. There is no ambiguity in the language of the rider in that regard.

## II.

■ O & S argue that plaintiffs lacked standing to seek a declaratory judgment under C.R.C.P. 57 because they were not parties to the contract. We disagree.

C.R.C.P. 57(b) provides, in relevant part, that:

"Any person interested under a ... written contract ... or whose rights, status, or other legal relations are affected by a ... contract ... may have determined any question of construction or validity arising under the ... contract ... and obtain a declaration of rights, status, or other legal relations thereunder."

The trial court found that the plaintiffs had an interest in the O & S deed of trust by assignment. The law generally favors the assignability of contract rights, and particularly "as to interests in real property inasmuch as free alienation is one of the essential attributes of common-law property ownership." *Scott v. Fox Brothers Enterprises, Inc.*, 667 P.2d 773 (Colo.App. 1983). *See Board of County Commissioners v. Pfeifer*, 190 Colo. 275, 546 P.2d 946 (1976). There was no provision which prohibited assignment here.

## III.

■ O & S next argue that the plaintiffs lacked privity of contract with them to enforce the provisions of the O & S deed of trust. Again, we disagree.

Whether there was privity is not determinative because, in any event, the plaintiffs would be entitled to the right of subrogation if they are compelled, although not personally bound, to pay in order to protect their property from foreclosure. *See G. Osborne, G. Nelson, D. Whitman, Real Estate Finance Law* § 10.3 (1979). *See also Capitol National Bank v. Holmes*, 43 Colo. 154, 95 P. 314 (1908); *Cagle, Inc. v. Sammons*, 198 Neb. 595, 254 N.W.2d 398 (1977).

The judgment is affirmed.

VAN CISE and METZGER, JJ., concur.