**J.E. DeVILBISS, Plaintiff-Appellant,**

v.

**The ZONING BOARD OF ADJUSTMENT OF GARFIELD COUNTY, Colorado; Peter M. Cabrinha, Mary F. Odell, John W. Tripp, Marvin H. Wambolt, and Allan Bowles, All In Their Capacity As The Individual Member of The Zoning Board of Adjustment of Garfield County, Colorado; the Board of County Commissioners of Garfield County, Colorado; W.C. Milner, As Building Official of Garfield County, Colorado; Snowmass Coal Company, a General Partnership, and the Anschutz Corporation, a Kansas Corporation, Defendants-Appellees.**

No. 83CA0624.

Colorado Court of Appeals,
Div. III.

May 31, 1984.

Rehearing Denied June 28, 1984.

Certiorari Granted Nov. 5, 1984.

Gerald D. Hartert, Glenwood Springs, for plaintiff-appellant.

Davis, Graham & Stubbs, Richard P. Holme, Denver, for defendants-appellees Zoning Bd. of Adjustments.

Earl Rhodes, Glenwood Springs, for defendant-appellee Garfield County.

Holme, Roberts & Owen, Lawrence L. Levin, Englewood, for defendant-appellee The Anschutz Corp.

TURSI, Judge.

J.E. DeVilbiss, plaintiff, appeals the trial court's judgment dismissing as moot his action challenging the approval by defendant Zoning Board of Adjustment of Garfield County (Zoning Board) of a height variance for a coal loadout facility. We reverse.

In April 1980, defendant Snowmass Coal Company (Snowmass) applied for a special use permit for the construction of a coal loadout facility 55 feet in height. The applicable zoning regulations of Garfield County provided a height limitation of 25 feet. Defendant Board of County Commissioners of Garfield County approved the application contingent upon the approval of a height variance by the Zoning Board. On May 29, 1980, the Zoning Board adopted a resolution approving Snowmass' application for a height variance.

On June 27, 1980, plaintiff filed a complaint pursuant to C.R.C.P. 106(a)(4) containing three claims for relief. Plaintiff sought a show cause order requiring the Zoning Board to certify the records of its variance hearing; an order enjoining Snowmass from constructing and erecting the coal loadout facility; and an order enjoining the Board of County Commissioners and defendant Garfield County Building Official from issuing special use and building permits. Plaintiff did not pursue a temporary restraining order or preliminary injunction.

In July and September of 1980, subsequent to the filing of plaintiff's complaint, Snowmass received the various permits required to commence construction of the loadout facility. Snowmass began construction, and the facility was completed by October 1981.

In August 1980, defendants moved to dismiss plaintiff's complaint for failure to join an indispensable party under C.R.C.P. 19(b). The trial court granted the motion and dismissed the complaint. In January 1982, pursuant to plaintiff's appeal, we reversed the judgment of the trial court and remanded for further proceedings. *DeVilbiss v. Zoning Board of Adjustment*, (Colo.App. No. 81CA306, January 14, 1982) (not selected for official publication).

In September 1982, because construction of the facility had been completed, defendants moved to dismiss plaintiff's complaint as being moot, and requested that the motion be treated as one for summary judgment under C.R.C.P. 12(b). The trial court concluded that since the facility had been completed, and since plaintiff had failed to obtain a temporary restraining order or a preliminary injunction to maintain the status quo of the parties pending litigation, the complaint was now moot. The trial court, therefore, entered summary judgment in favor of defendants.

On appeal, plaintiff contends that his complaint was not rendered moot by the completion of the coal loadout facility as the filing of his complaint prior to commencement of construction placed Snowmass on notice that if it proceeded, it did so at its peril. This result, plaintiff contends, is not affected by the lack of a temporary restraining order or a preliminary injunction. We agree.

In *Werner v. Norden*, 87 Colo. 339, 287 P. 644 (1930), our supreme court addressed the matters at issue here in a similar situation. There, it stated that, in such situations, if subsequent to the filing of an action for injunctive relief a defendant proceeds to complete the act sought to be restrained, he does so at his peril. Further, it ruled that it is within the authority

of a trial court to compel restoration of conditions to the status existing at the time the complaint was filed. The court specifically stated that a defendant may not justify his action by alleging that the plaintiff might have obtained a temporary restraining order to maintain the status quo of the parties. Also, it noted that failure to obtain a temporary restraining order does not preclude a plaintiff from pursuing permanent injunctive relief where the act to be restrained is completed after an action for a prohibitory injunction is filed. The remedy to which a plaintiff is entitled is a mandatory injunction compelling restoration of the status quo existing at the time the complaint was filed. *See* C.R.C.P. 65(f).

■ Here, plaintiff sought to enjoin the issuance of various permits, and to enjoin construction of the coal loadout facility. The injunction prayed for was prohibitory in nature as of the time the complaint was filed; at that time, the permits had not been issued and construction had not commenced. Thus, the filing of the complaint placed defendants on notice that if they proceeded, they did so at their peril. *Werner v. Norden, supra.* The issuance of the permits and the construction of the loadout facility subsequent to the time the complaint was filed entitles plaintiff, if successful, to a mandatory injunction ordering restoration of the status quo or modification of the facility to conform with zoning limitations. Therefore, since relief is available to plaintiff, the trial court erred in dismissing the complaint for mootness. *See Crowe v. Wheeler*, 165 Colo. 289, 439 P.2d 50 (1968).

In support of their contention that the matter is moot, defendants cite *Kester v. Miami-Yoder Joint School District*, 146 Colo. 230, 361 P.2d 124 (1961) and *Ambrosio v. Baker Metropolitan Water & Sanitation District*, 139 Colo. 437, 340 P.2d 872 (1959), these being the cases relied upon by the trial court in dismissing plaintiff's complaint. We find neither decision pertinent here.

*Kester* does not overrule *Werner* and must be confined to the factual situation there present. In *Ambrosio*, a condemnation action, our supreme court held that the complaint was moot because plaintiff was precluded from raising issues in a collateral suit which could not be raised in the condemnation proceeding and noted that an injunction is not a permissible remedy in eminent domain proceedings.

■ Defendants contend that if plaintiff's complaint is held not to be moot, it effectively allows parties to circumvent C.R.C.P. 65(a) and (b). However, we find no authority, either in the rule or otherwise, which requires a temporary restraining order or a preliminary injunction as a precondition to obtaining permanent injunctive relief.

Defendants additionally argue that to conclude a party proceeds at its peril because a complaint for injunctive relief has been filed, effectively circumvents C.R.C.P. 65(c) and promotes "strike suits" that will delay construction projects, such as the one here. We disagree.

The requirement of posting security to cover costs and damages is the *quid pro quo* for a judicial decree restraining or preliminarily enjoining a party from acting. Here, there was no judicial decree enjoining issuance of the permits or construction of the coal loadout facility. Rather, defendants were free to take a calculated risk to proceed with the facility, or to pursue a prompt resolution of the complaint. Having elected to proceed in the face of the complaint, defendants subjected themselves to the consequence of a successful judgment for plaintiff.

■ Finally, defendants cite *Hargreaves v. Skrbina*, 662 P.2d 1078 (Colo.1983) for the proposition that the doctrine of relative hardships precludes the issuance of a mandatory injunction requiring modification or removal of the $8 million facility. The trial court, however, did not consider the doctrine of relative hardships as plaintiff's action did not progress to an adjudication on the merits. Therefore, that issue is inappropriate for consideration in this appeal.

The judgment of the trial court entering summary judgment in favor of defendants on the ground that plaintiff's complaint is moot is reversed, and the cause is remanded with directions to reinstate plaintiff's complaint and for further proceedings consistent with this opinion.

KELLY and METZGER, JJ., concur.