[No. 7807.]

## NESBIT ET AL. v. SIGEL-CAMPION LIVE STOCK CO.

1. STATUTES—*Construction*—In ascertaining the meaning of the act establishing the court of appeals of 1911, the act of 1891, establishing the former court of the same title (Laws 1891, 118) may be referred to. Comparing sec. 1 of that act with sec. 6 of the act of 1911, it is manifest that the omission in the latter act of all provision for review by the supreme court on the basis of the value of the property involved, of the judgment of the court of appeals in actions of replevin was deliberate, and advisedly done.

2. ——*Wisdom or Policy of the Statute*—Where the statute is plain the courts have nothing to do with its wisdom or policy.

3. COURT OF APPEALS—*Review of Judgment*—A judgment of the court of appeals, in an action of replevin, awarding possession and nominal damages, is final, even though the property in controversy exceeds in value the sum of five thousand dollars.

*Error to the Court of Appeals.*

Messrs. STUART & MURRAY, for Nesbit.

Mr. ROBERT M. WORK, *Pro se.*

Messrs. GOUDY & TWITCHELL, and Mr. J. H. BURK-HARDT, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The matter for consideration is a motion to dismiss a writ of error sued out of this court to review a decision of the court of appeals, affirming a judgment of the district court of the city and county of Denver, in a cause wherein The Sigel-Campion Live Stock Company was plaintiff, and Alexander Nesbit, as sheriff, was defendant, in which action Robert M. Work, trustee in bankruptcy, intervened. The district court dismissed the intervention petition of Work. At the trial there was a jury verdict, upon which judgment was ordered, allowing plaintiff to retain possession of the property in dispute, and awarding one dollar, as damages for the unlawful taking and detention thereof, with costs. The suit is in replevin, and it is admitted by the pleadings that the property in controversy is of the value of $14,000.00.

The act creating the court of appeals has been upheld by this court as constitutional. *People ex rel. v. Scott et al.*, 120 Pacific (Colo.) 126. All of the provisions are to be therefore treated as in full force, and given effect according to their plain and undoubted meaning. By sections 4 and 5 thereof provision is made for the transfer of causes pending in the supreme court, on appeal or error, to the court of appeals, making the decision of the court of appeals in all such cases, except as specified in section 6 of the act, final and conclusive. That portion of section 6 which directly relates to the matter under consideration is as follows:

"Section 6. Provided, however, that in causes thus transferred from the supreme court to the court of appeals,

whether pending on appeal or error, wherein the decision nec-
essarily involves the construction of a provision of the federal
or state constitution or relates to a franchise or freehold, or a
judgment for more than $5,000, exclusive of costs, such deci-
sion thereof by the court of appeals shall not be final.   Such
cases may be reheard in the supreme court by writ of error
from the latter court, under rules to be adopted by it."

The contention, in support of the motion to dismiss, is
that the matter sought to be reviewed falls within none of the
exceptions found in section 6, since the decision neither in-
voles a construction of a provision of the federal or state con-
stitution, nor relates to a franchise or freehold, nor to a judg-
ment for more than $5,000.00, exclusive of costs.   On the other
hand it is urged that, as the pleadings show the value of the
property involved to be $14,000.00, the judgment is review-
able by this court.

The provision relating to reviews by the supreme court of
certain court of appeals decisions is so clear, simple and direct
that it needs no construction.   It has, and can have, but one
meaning, nor can that meaning be in the least in doubt.   In
plain and unmistakable language it provides for a review of
any decision of the court of appeals which necessarily involves
a construction of either a provision of the federal or state con-
stitution, or relates to a franchise or freehold, or to a judg-
ment for more than $5,000.00, exclusive of costs, and of no
other.   The judgment last referred to in the provision under
consideration is one which, in terms, is measured by an award
in dollars, not by the amount involved in the suit or the value
of the property in controversy.   The provision reads precisely
so.   That such is its meaning is not debatable.   The statute
says where the judgment is "for more than $5,000, exclusive
of costs."   That means an actual money judgment for more
than the sum mentioned; no other meaning can be fairly given
it.   With the wisdom, policy or justness of the law this court
has nothing to do; those were matters for the legislature to
consider and settle.   Nor had the court power or authority to

read into the statute something which plainly is not there. If the law as it now stands proves inexpedient, relief must be sought by legislation. Courts are powerless to give it. Their province and function is to interpret and enforce the law as found, not to change and modify old laws, and thus, by strained and unwarranted construction, virtually make new ones.

By section 1 of the legislative act of 1891, creating the original court of appeals, it was provided:

"Section 1. No writ of error from, or appeal to, the supreme court shall lie to review the final judgment of any inferior court, unless the judgment, or in replevin, the value found exceeds two thousand five hundred dollars, exclusive of costs. *Provided,* This limitation shall not apply where the matter in controversy relates to a franchise or freehold, nor where the construction of a provision of the constitution of the state or of the United States is necessary to the determination of a case."

It is to be observed that by this provision for reviews of the decisions of the former court of appeals, it is expressly provided that where in replevin the value found exceeded $2,-500.00, exclusive of costs, a review might be had. The fact that no such provision is found in the present statute is significant. The only reasonable conclusion is that the provision was omitted advisedly. Otherwise, had the purpose been to allow a review in such cases, the legislature would have provided, after the manner of the old statute, that where in replevin the value of the property exceeded a certain sum the writ of error should lie. Or if a review had been intended, where the amount involved was more than $5,000.00, it would have been so declared. But nothing of the sort was done; the statute provides for a review only where there is a judgment for more than $5,000.00. So that, from every standpoint, the conclusion must be that no review of a decision of the court of appeals was intended, and none has been provided for, where a consideration of a provision of the federal or state constitution

is not necessarily involved, or where it does not relate to a franchise or a freehold, except of a money judgment in excess of $5,000.00, exclusive of costs.

Since the question involves the construction of a particular statute, failure to cite authorities in point occasions no surprise. Indeed, precedents are not needed to support the conclusion reached.. The duty of the court is to give effect to the statute, according to the ordinary and usual meaning of its language, in which view it is obvious that the motion must be sustained, and the writ dismissed. Judgment is ordered accordingly.

Decision *en banc.*

CHIEF JUSTICE CAMPBELL not participating.