No. 15,641.

POTTER *v.* SWINEHART.

(184 P. [2d] 149)

Decided July 14, 1947. Rehearing denied August 18, 1947.

Mr. HARRY A. KING, for plaintiff in error.

Mr. FRED M. MAZZULLA, for defendant in error.

In Department, before: MR. CHIEF JUSTICE BURKE, MR. JUSTICE STONE and MR. JUSTICE HAYS.

PER CURIAM.

WE will herein refer to the parties as they appeared in the trial court, where defendant in error was plaintiff and plaintiff in error was defendant.

The plaintiff alleges in his complaint that on the 13th day of November, 1943, he paid defendant $1,500 as part payment on the purchase price of approximately 246

24

cases of six year old bourbon; that although plaintiff has demanded delivery of said liquor, defendant has failed and refused to deliver it. Judgment is sought in the sum of $1,500.

Defendant answered setting up three defenses: First, that the complaint does not state a cause of action; second, that the transaction was a joint adventure in which he and the plaintiff each agreed to advance $1,500 to be delivered to one Strine, on a purchase of 492 cases of bourbon which plaintiff and defendant were to divide equally, but that Strine failed to deliver any part of that amount; and third, that defendant was merely acting as an agent of plaintiff, and that the money was paid to Strine for plaintiff on 246 cases of bourbon in accordance with an oral agreement between plaintiff and defendant. The jury returned a verdict in favor of plaintiff in the sum of $1,500, appropriate judgment followed, and defendant brings the same here by writ of error.

Defendant in the trial court moved for a directed verdict at the close of the plaintiff's evidence, and again at the conclusion of all the evidence, and objected to the giving of instruction number 3, all on the theory that plaintiff's evidence disclosed that he was suing on an illegal contract. The motion was denied, and the objection overruled.

The principal point urged for reversal is, that the contract for the purchase and sale of the whiskey under which the $1,500 was paid by plaintiff, was in violation of certain state statutes, and for that reason was illegal and void. Defendant urges the rule, that courts will not lend their assistance to a party to an illegal agreement to obtain relief for a breach thereof.

Each of the parties thereto was in the tavern business in Denver and each held a tavern keeper's license for the sale of intoxicating liquor by the drink. They were not acquainted with each other until the occasion of the transaction herein involved. It appears that the supply

of whiskey was limited, that plaintiff received information through a third party that defendant might be in position to obtain some for him, and upon contacting defendant he was told that $1,500 in cash would be required; thereupon plaintiff produced the money and was given a receipt reading as follows: "Received of Chet Swinehart Fifteen Hundred Dollars Payment on approximately 246 cases Six Year Old Bourbon.
$1500.00            Erwin E. Potter."

Plaintiff stated on the witness stand that he bought the whiskey from defendant at wholesale; that he knew the latter was not in the business of selling whiskey at wholesale; also that he was licensed as a tavern keeper; that he did not have a license to sell whiskey at wholesale, and that his suit was for damages for failure to deliver the whiskey in accordance with the agreement.

The jury was instructed on defendant's theory of joint adventure, on agency, and the court also gave the questioned instruction number 3, as follows: "You are instructed that if you believe from the evidence that the plaintiff and defendant entered into a contract, or agreement, for the purchase and sale of approximately 246 cases of six year old bourbon whiskey, under and by virtue of which the plaintiff agreed to buy and the defendant agreed to sell said whiskey, and that pursuant to said agreement the plaintiff paid $1500 on account of the purchase thereof, then you will find for the plaintiff; otherwise for the defendant."

Since the jury returned a verdict in favor of plaintiff it is apparent that it rejected defendant's theory of joint adventure or agency and found that there had been a contract of sale, consequently the question presented for determination is whether or not the alleged contract is illegal, and if it is, whether plaintiff is in position to recover damages for a violation thereof.

Section 17, chapter 89, '35 C.S.A., provides that certain acts shall be unlawful. Among these are the following: Subdivision (f): "To manufacture or sell unless

licensed. To manufacture for sale or sell malt, vinous or spiritous liquors unless licensed so to do as provided by this article and unless all licenses required hereunder, of him or it, are in full force and effect." Subdivision (m): "To buy except from licensed person. For any retailer or consumer, to buy any vinous or spirituous liquor from any person not licensed to sell and deliver at wholesale or retail or serve the same as provided by this article."

Said chapter 89 also provides for a separate license for wholesalers and retailers; defines the rights and privileges of the holders of each; and that the holder of one kind of license shall not exercise any of the privileges granted under any license other than that which he holds.

Section 41 of chapter 89 provides, that any person violating any of the provisions of this statute shall be deemed guilty of a misdemeanor and upon conviction shall be fined the sum of not more than five thousand dollars or confined in the county jail for a term of not more than one year, or both such fine and imprisonment.

It is apparent that the transaction here under consideration was in violation of the plain terms of the statute and that plaintiff knew that he was violating the law in attempting to purchase whiskey from defendant. By his own statement he had knowledge that the defendant was not licensed to sell liquor at wholesale, and that in proposing to do so, not only was defendant violating the law, but plaintiff himself was a transgressor when he entered into the contract of purchase with defendant.

Under such circumstances courts will leave the parties where they find them, and will not lend their aid to enforce the contract or grant relief to one of the parties because of a violation of the terms of such contract by the other.

In the case of *Baker v. Couch,* 74 Colo. 380, 221 Pac. 1089, as in the case at bar, the illegality of the contract

was not pleaded, but was disclosed by the evidence. Nevertheless, in refusing relief, we said: "It is unnecessary, in this jurisdiction, that such a condition of affairs be pleaded. Where the contract or transaction in question is illegal, fraudulent or immoral, and there is mutual misconduct of the parties with respect thereto, neither law nor equity will aid either to enforce, revoke, or rescind. To such disputes the courts will not listen and the parties thereto they will leave in the exact position in which they have placed themselves. It is immaterial whether information of such illegality comes from plaintiff or defendant, or is disclosed by pleadings or evidence. *Branham et al. v. Stallings,* 21 Colo. 211, 40 Pac. 396, 52 Am. St. Rep. 213; *Oliver v. Wilder,* 27 Colo. App. 337, 149 Pac. 275."

In *Baker v. Sockwell,* 80 Colo. 309, 251 Pac. 343, after reviewing some of the authorities, we stated, as to the rule here announced that: "Its real basis is the principal [principle] of self-defense as applied to the state. Its courts cannot be used to enforce contracts which strike down its laws and corrupt its people."

In the case of *Metropolitan Co. v. Roma,* 97 Colo. 493, 50 P. (2d) 1142, the position of courts with respect to illegal contracts is stated as follows: "They will not act as referees to divide the loot, nor attempt to do equity between the enemies of society with respect to their wrangles concerning the profits of attacks upon her. All attempts to enforce contracts for the violation of law, or for the protection of those who propose to violate law, or for the indemnification of those injured by deliberately and intentionally violating the law, strike at the very heart of the state and its courts will not wait supinely for the parties to raise the question but will take cognizance of it whenever and however it appears and act, or refuse to act, as the welfare of the state demands." See, also, *Waddell v. Traylor,* 99 Colo. 576, 64 P. (2d) 1273; *Levy v. Spencer,* 18 Colo. 532, 33 Pac. 415; *Branham v. Stallings,* 21 Colo. 211, 40 Pac. 396; *First*

*National Bank v. Cripple Creek State Bank*, 63 Colo. 37, 163 Pac. 1134; *Godding v. Hall, Receiver*, 56 Colo. 579, 140 Pac. 165; *Mulnix v. Mutual Benefit Life Insurance Co.*, 23 Colo. 71, 46 Pac. 123, 33 L.R.A. 827; *Oliver v. Wilder*, 27 Colo. App. 337, 149 Pac. 275; *Dougherty v. Seymour*, 16 Colo. 289, 26 Pac. 823; *Benish v. Jones*, 68 Colo. 484, 190 Pac. 538.

The rule announced in the above cases is one which the courts recognized and to which they adhere generally. "When relief is denied it is because the plaintiff is a wrongdoer, and to such a person the law denies relief. Courts do not wish to aid a man who founds his cause of action upon his own immoral or illegal act. If from the plaintiff's own statement or otherwise it appears that the bargain forming the basis of the action is opposed to public policy or transgresses statutory prohibitions, the courts ordinarily give him no assistance. The court's refusal is not for the sake of the defendant, but because it will not aid such a plaintiff." Restatement of the law—Contracts, §598, Comment a.

Since plaintiff seeks relief under the terms of an illegal contract, he has no standing in the courts of this state. For the reasons given the judgment is reversed and the cause remanded with instructions to dismiss the same at the cost of the plaintiff.

In this case acknowledgment is made of the gratuitous and valuable service of the Honorable Paul L. Littler, district judge, as referee under our Rule of June 9, 1947.