No. 15,904

Isaak, Assignee *v.* Perry et al.
(193 P. [2d] 269)

Decided April 12, 1948.

Messrs. Davis & Lutz, Mr. Ralph Loeb, for plaintiff in error.

Messrs. Thurmon & Gregory, Mr. Thomas E. Boyles, for defendants in error.

*En Banc.*

Mr. Chief Justice Burke delivered the opinion of the court.

94

THESE parties appear in the same order as in the trial court and are hereinafter referred to as there, or as Isaak, Cobb, Clark, Perry, and Mrs. Perry respectively; and one Charles B. Rogers as Rogers.

Isaak, as assignee of Rogers, brought this action against defendants for approximately $2,500 for "merchandise and services rendered." Defendants denied generally and further alleged that Rogers and Perry were convicts in the state penitentiary and partners in the questioned transactions; that as a simple act of benevolence Cobb and Clark agreed to receive and dispose of certain goods for them, and other inmates, without compensation; that later Perry was released, but under the rules of the penitentiary could not receive such assignments, hence defendants had permitted shipments delivered at the residence of Mrs. Perry, until finally all merchandise on hand, amounting to $1,500, had been delivered to Perry; that defendants had never agreed to pay Rogers or Perry, or anyone else, for such merchandise and consequently owed nothing. They further pleaded that the property involved was "convict goods" and that the alleged dealings were in violation of state and federal statutes. Plaintiff moved to strike the defense of "convict goods" and that motion was overruled. No reply was filed. Defendants moved for judgment on the pleadings. That motion was sustained and to review the judgment for costs against him entered accordingly plaintiff prosecutes this writ, assigning four points for reversal. These go to the same question, which is the only one argued, i. e., the correctness of the court's ruling refusing to strike the defense of "convict goods." The facts pleaded are undisputed. The sole question presented is whether the transaction disclosed by the record is enforceable under the statute. Section 107, chapter 131, volume 4, '35 C. S. A. provides, inter alia: "It shall be unlawful for any person * * * to * * * sell or store in this state, goods, wares or merchandise manufactured [or] produced * * *, wholly or in part, by

convicts or prisoners in any penal * * * institution in this state * * *." For violation of the preceding, section 109, id., provides as a penalty a fine not exceeding one thousand dollars or imprisonment not exceeding one year, or both. Said sections are plain and explicit.

██ "Courts will not depart from the plain meaning of words in search of a legislative intention the words themselves do not plainly and definitely express * * *." *People v. Mooney,* 87 Colo. 567, 290 Pac. 271. Said sections are a declaration of the public policy of the state and as to that policy the legislature is the final authority. *Walton v. Walton,* 86 Colo. 1, 278 Pac. 780; *Nesbit v. Sigel-Campion Co.,* 53 Colo. 333, 125 Pac. 524.

██ Of transactions contrary to the declared public policy of the state the court will take no notice. If relief thereunder be sought the action will be promptly dismissed as soon as the court is properly advised of the fact, leaving the parties in the position in which they have placed themselves. 13 C. J., p. 492, §440; *Russell v. Courier P. & P. Co.,* 43 Colo. 321, 95 Pac. 936; *Potter v. Swinehart,* 117 Colo. 23, 184 P. (2d) 149.

The judgment is affirmed.

MR. JUSTICE HILLIARD dissents.

MR. JUSTICE HILLIARD dissenting.

I am convinced that sections 107 and 109, chapter 131, '35 C. S. A., the statutes upon which the court's opinion is based, do not have to do with "goods, wares or merchandise manufactured, produced or mined" by individual convicts working for themselves, as in the present case. Rather, as I conceive, the purpose of the legislation, and solely so, was to prevent the state, as such, proceeding by and through mass convict and unpaid labor, from manufacturing or producing goods, wares or merchandise to be offered for sale in competition with merchandise of like manufacture or production by private industry, necessarily burdened with the cost of

labor. I think the case should have been tried on the merits, and that the judgment on the pleadings ought to be reversed.