524 P.2d 80 (1974)
Jacob W. REED, a/k/a Bill Reed, Plaintiff-Appellee and Cross-Appellant,
v.
Kedric M. BAILEY, Defendant-Appellant and Cross-Appellee.
No. 73-101.
Colorado Court of Appeals, Div. I.
April 30, 1974.
Rehearing Denied May 21, 1974.
Certiorari Denied July 22, 1974.
*81 Charles E. Withers, Norwood, for plaintiff-appellee and cross-appellant.
Rodden & Woods, Richard T. Paynter, Jr., Denver, Donald D. Crist, Moab, Utah, for defendant-appellant and cross-appellee.
Selected for Official Publication.
RULAND, Judge.
Defendant appeals from a judgment requiring him to account to plaintiff for certain funds obtained from the sale of patented mining claims. We reverse.
Insofar as material here, the record reflects that Frank Richardson owned three patented mining claims in Ouray County, Colorado. Richardson executed a written agreement with plaintiff and defendant in the nature of a net listing wherein he agreed to accept $30,000 for sale of the mining claims; the agreement further provided that plaintiff and defendant would divide equally any amount in excess of $30,000 which could be obtained for the claims. In conjunction with the execution of this agreement, a second written agreement (captioned "Option to Purchase") was signed wherein Richardson agreed to sell the same claims to defendant and another for $60,000 on specified terms of payment. Apparently the second agreement was not intended as a sale but rather as a device to promote a sale to third parties.
Based on this transaction, plaintiff and defendant solicited purchasers for the claims, and defendant was ultimately successful in securing a sale of the property. Defendant subsequently refused to account to plaintiff for any of the proceeds. The present case was then filed for an accounting based upon the first written agreement.
Neither plaintiff nor defendant is licensed to sell real estate in Colorado, as required by 1969 Perm.Supp., C.R.S.1963, 117-1-1. Although the trial court recognized that failure to obtain the required license precluded either party from prevailing in an action against Richardson for Compensation, see Benham v. Heyde, 122 Colo. 233, 221 P.2d 1078, the trial court concluded that it should enforce a division of the proceeds received by defendant. We disagree.
Since plaintiff is not licensed as a broker or real estate salesman pursuant to Colorado statute, the original agreement between Richardson, plaintiff, and defendant constitutes an illegal contract. See Benham v. Heyde, supra; see also C.R.S.1963, 117-1-19. Hence, plaintiff is precluded from seeking judicial assistance to enforce the contract. Potter v. Swinehart, 117 Colo. 23, 184 P.2d 149; see Metropolitan Life Insurance Co. v. Roma, 97 Colo. 493, 50 P.2d 1142.
The judgment is therefore reversed and the cause remanded with directions to dismiss plaintiff's complaint.
PIERCE and SMITH, JJ., concur.