NETWORK AFFILIATES, INC., a Colorado corporation, Plaintiff-Appellant,

v.

ROBERT E. SCHACK, P.A., a Florida Professional Association, and Robert E. Schack, individually and as President of Robert E. Schack, P.A., Defendants-Appellees.

No. 83CA0497.

Colorado Court of Appeals, Div. III.

March 22, 1984.

Rehearing Denied April 19, 1984.

Norton Frickey & Associates, P.C., Dan W. Corson, Koransky & McCullough, P.C., Ralph J. Koransky, Denver, for plaintiff-appellant.

Kritzer & Chalat, Stuart A. Kritzer, James H. Chalat, Denver, for defendants-appellees.

STERNBERG, Judge.

The subject of this appeal is a license agreement between Norton Frickey & Associates, P.C., a Colorado law firm incorporated as a professional corporation, doing business as Network Affiliates, (Frickey) and defendant Robert E. Schack, P.A., a Florida professional association (Schack).

Under the agreement Schack was licensed to use television commercials produced by Frickey to advertise in Florida the availability of certain types of legal services. In the agreement the licensor is specifically identified as "NORTON FRICKEY & ASSOCIATES, P.C., a Colorado Professional Corporation doing business as NETWORK AFFILIATES." Network Affiliates, Inc. was incorporated thereafter, and Frickey assigned the license agreement to that corporation for the purpose of bringing suit against the defendants alleging certain breaches of the license agreement.

The defendants assert that Colorado lacks personal jurisdiction over this dispute because there are insufficient contacts between the parties in this state. The defendants also contend that the license agreement was illegal because Norton Frickey & Associates, P.C., a Colorado law firm incorporated for the sole purpose of conducting a law practice, could not engage in any other business. The trial court ruled for the defendants on the first issue and dismissed the action, but did not address the illegality question, and Frickey appeals. We reverse the judgment of dismissal for lack of jurisdiction. However, we remand the cause with directions to dismiss the complaint with prejudice based on defendant's second contention.

I.

We do not agree with the trial court's conclusion that there were insufficient contacts in Colorado between the contracting parties to vest Colorado with jurisdiction.

In reaching its decision the trial court relied on *Trans-Continent Refrigerator Co. v. A Little Bit of Sweden, Inc.,* 658 P.2d 271 (Colo.App.1982). In that case, we dealt with a contract between a Colorado plaintiff and Wisconsin defendants. The only Colorado contact, other than those attributable to plaintiff's residence, was a single telephone call from defendants in Wisconsin to the plaintiff in Colorado inquiring about a purchase. We concluded that "the quality and nature of defendants' activity in Colorado was insufficient to permit exercise of *in personam* jurisdiction by this state."

In contrast to the one telephone call in *A Little Bit of Sweden,* here the defendant's activities in Colorado were more significant. Defendant Schack's father, an accountant who worked for the Florida professional association, met for three or four hours with employees of Frickey in Colorado who explained the product to him. Thereafter there were "frequent" telephone conversations between an employee of Frickey in Colorado and defendant Schack concerning television commercials. Also, contracts with the Florida television stations were negotiated from Frickey's offices. We conclude that these activities were sufficient contacts to allow Colorado to exercise jurisdiction over the contract and disputes arising thereunder. *See Van Schaack & Co. v. District Court,* 189 Colo. 145, 538 P.2d 425 (1975). *See also World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) and *Safari Outfitters, Inc. v. Supe-*

*rior Court,* 167 Colo. 456, 448 P.2d 783 (1969). Thus, the trial court erred in dismissing the complaint for 'lack of *in personam* jurisdiction.

## II.

The defendants, however, also raised as a defense in the trial court the illegality of the contract. This defense was addressed by the parties in supplemental briefs submitted at our request, and there is no dispute as to the essential facts. Accordingly, in the interest of judicial economy, we address this issue at the appellate level rather than remanding to the trial court for its determination.

■ The defendants assert that, as a professional corporation created for the purpose of conducting a law practice, Frickey may not engage in business other than the practice of law. We agree.

The record admits of no interpretation other than that, in conducting the business of selling television advertising materials to others, the professional corporation was engaging in an activity that was not solely the practice of law.

Under C.R.C.P. 265(I)(A) licensed lawyers may "practice law in Colorado in the form of professional service corporations." *See generally* Bye & Young, *Law Firm Incorporation in Colorado,* 34 Rocky Mtn. L.Rev. 427 (1962). However, the rule further provides in C.R.C.P. 265(I)(A)(2) and (3) that:

> "The corporation shall be organized solely for the purpose of conducting the practice of law....

> The corporation may exercise the powers and privileges conferred upon corporations by the laws of Colorado only in furtherance of and subject to its corporate purpose."

■ From these provisions it is apparent that a professional service corporation enjoys all powers and privileges of other corporations under Colorado law, but the corporation may exercise such powers only in furtherance of its corporate purpose—the practice of law. And, it cannot circumvent the provisions of the Rules by adopting an assumed name.

We conclude that Frickey's activities in this case went beyond the purpose of conducting a law practice; thus, the quoted portions of C.R.C.P. 265 were violated. Therefore, the agreement between the parties is unenforceable, *see Benham v. Heyde,* 122 Colo. 233, 221 P.2d 1078 (1950); *Reed v. Bailey,* 34 Colo.App. 20, 524 P.2d 80 (1974), and Frickey may not seek judicial assistance to carry out its terms. *Isaak v. Perry,* 118 Colo. 93, 193 P.2d 269 (1948); *Potter v. Swinehart,* 117 Colo. 23, 184 P.2d 149 (1947).

The judgment of dismissal for lack of jurisdiction is reversed. The cause is remanded with directions to dismiss the complaint with prejudice.

VAN CISE and METZGER, JJ., concur.