The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Darrell Lee HOWELL,
Defendant-Appellant.

No. 83CA0315.

Colorado Court of Appeals,
Div. IV.

March 21, 1985.

Rehearing Denied April 4, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES *, Justice.

In 1971 and 1972 in two separate homicide cases defendant Howell was found not guilty of murder by reason of insanity and was committed to the Colorado State Hospital. A release hearing was conducted in 1977 in Pueblo District Court and the jury

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

determined he was not eligible for release. On appeal this judgment was affirmed in *People v. Howell*, 196 Colo. 408, 586 P.2d 27 (1978). In 1980 defendant filed a motion for a release in the district court for Jefferson County, and after three days of deliberation, a jury again determined he was not eligible for release.

■ In 1981 defendant filed another motion for a release hearing before a jury. The People's motion to dismiss was granted by the trial court. On appeal, defendant contends that the dismissal of his motion for a release hearing was based on the trial court's erroneous interpretation of a 1981 amendment to § 16–8–115(2), C.R.S. We agree and therefore reverse the trial court's judgment, and remand for the resumption of procedures as required by statute.

Section § 16–8–115(2), C.R.S., (1984 Cum. Supp.), in pertinent part, provides:

"If the question of defendant's eligibility for release is contested, the court shall order a release examination of the defendant when a current one has not already been furnished or when either the prosecution or defense moves for an examination of defendant at a different institution or by different experts. The court may order any additional or supplemental examination, investigation, or study which it deems necessary to a proper consideration and determination of the question of eligibility for release. The court shall set the matter for release hearing after it has received all of the reports which it has ordered under this section. *When none of said reports indicate the defendant is eligible for release, the defendant's request for release hearing may be denied by the court if the defendant is unable to show by way of an offer of proof any other evidence that would indicate that he is eligible for release.* The release hearing shall be to the court or on demand by the defendant to a jury of not to exceed six person...." (emphasis added)

The interpretation of the emphasized provision of this statute by the trial court is the focal point of the main issue on appeal. This provision was added to the statute by amendment in 1981. *See* Colo.Sess.Laws 1981, ch. 196 at 939.

Because the report of the psychiatrist appointed by the trial court was not favorable to the release of defendant, the trial court required defendant to make an offer of proof at the hearing conducted in December 1981. The resultant offer of proof included lay testimony from a number of witnesses, including defendant and his wife, that would indicate that defendant is eligible for release. In addition, the defense included as part of the offer of proof, certain favorable aspects of the report filed by the court-appointed psychiatrist, even though the report's conclusion did not favor release.

The trial court properly ruled that the provisions of the statute as amended in 1981 were procedural and applied to this case even though defendant's motion for release was filed prior to the effective date of the amendment. However, in construing this statute, the trial court concluded that the offer of proof was inadequate because it did not include expert opinion evidence by a person who is medically trained in the area of mental conditions and qualified to make a determination as to whether defendant continues to have any abnormal mental condition which would cause him to be a danger either to himself or to the community at large. To put it another way, the trial court construed the statutory language "any other evidence" to mean that a defendant must include in his offer of proof evidence by a medical expert in mental disorders to rebut the report filed by the court-appointed psychiatrist that indicated that defendant is not eligible for release.

■ The trial court's interpretation of the phrase "any other evidence" in § 16–8–115(2) is erroneous because it ignores the plain meaning of the words and imposes requirements which are clearly not implied by any of the language of the statute. Where the language of a statute is plain

and its meaning is clear, the statute must be enforced as written. *U.S. Fidelity & Guaranty Co. v. First National Bank,* 147 Colo. 446, 364 P.2d 202 (1961). Thus, here, "any other evidence" means just that and does not mean, for example, "any expert testimony."

■ It is suggested by the attorney general that the trial court's interpretation and judgment should be affirmed because it is apparent that the 1981 amendment to the statute was an attempt by the General Assembly to economize on scarce judicial time by authorizing dismissal of a procedure in which a defendant has made no showing that he has a possibility of prevailing. We reject this suggestion. Courts should not depart from the plain meaning of words in search of a legislative intention which the words of the statute do not plainly and definitely express. *Jones v. People,* 155 Colo. 148, 393 P.2d 366 (1964); *Isaak v. Perry,* 118 Colo. 93, 193 P.2d 269 (1948).

The attorney general also argues that even if the trial court did incorrectly rule that the phrase "any other evidence" meant expert medical evidence, the trial court nevertheless permitted defendant to make a full offer of proof although it contained no expert medical testimony. It is therefore contended that the court's dismissal was proper on the basis of its analysis of each witness' testimony as described in defendant's offer of proof and of its finding that the testimony of the witnesses was in effect not relevant, or weightless, or had little if any probative value. We do not agree with this argument.

Under the procedure outlined in § 16–8–115(2), defendant has a right to a release hearing to the court or, on demand, to a jury if he is able to show by an offer of proof "any other evidence" to rebut a report by a court appointed medical expert that defendant is not eligible for release. Here, defendant made a detailed offer of proof, which included prima facie evidence to support defendant's claim that he was eligible for release.

The judgment of the trial court denying defendant's request for a release hearing is reversed, and this case is remanded for the resumption of procedures authorized by statute. Because of the lapse of time, the trial court may find it necessary to order a current report as to defendant's present mental condition. *See People v. Giles,* 192 Colo. 240, 557 P.2d 408 (1976).

ENOCH, C.J., and SILVERSTEIN,* J., concur.