The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Albert E. MARTINEZ,
Defendant-Appellant.

No. 84CA1314.

Colorado Court of Appeals,
Div. II.

July 10, 1986.

Rehearing Denied July 31, 1986.

Certiorari Denied Nov. 3, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Marleen Langfield, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin J. Gerra, III, Deputy State Public Defender, Linda A. Perkins, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Albert E. Martinez, appeals an order of the trial court vacating its previous order granting him credit against his original sentence for time he was incarcerated in the Denver County Jail prior to revocation of his parole. We affirm.

Defendant was sentenced to a term of not less than 15 nor more than 25 years for the offense of first degree assault. After serving approximately 10 years of this sentence, he was paroled in March 1982. The following May he was arrested on a new charge of robbery and incarcerated in the Denver County Jail. A parole hold was placed on him shortly thereafter. Although the robbery charge was later dismissed, his parole was revoked on November 18, 1982, for technical violations unrelated to the robbery charge.

Defendant was unable to post bail and, consequently, remained incarcerated from the time of his arrest on May 27, 1982, until November 18, 1982. In April 1984, he filed a motion requesting that he be given credit against his original sentence for the time he spent in the Denver jail awaiting his parole revocation hearing. The court initially granted this motion but then vacated its ruling after a hearing on the People's motion to correct an illegal sentence.

Defendant argues that the trial court was not required to vacate its previous order. We disagree.

Section 17–2–205, C.R.S., (1978 Repl. Vol. 8) which was effective until July 1, 1984, is the controlling statute in this case. That provision stated:

"The paroled convict who, upon the order of the board, may be returned to the penitentiary shall be retained therein according to the terms of his original sentence, and in computing the period of his confinement the time between his release upon said permit and his return to said

penitentiary shall not be taken to be any part of the term of the sentence."

We agree with the trial court that § 17–2–205 is subject to only one interpretation. The time between a convict's release on parole and his return to the penitentiary pursuant to an order of the parole board shall not be credited as part of his sentence. Since it does not distinguish between a parolee who is incarcerated and one who is not, neither can we.

If a statute is clear and unambiguous, judicial construction is unwarranted, and the statute must be enforced as written. *People v. Howell*, 701 P.2d 131 (Colo.App. 1985). The trial court, therefore, correctly concluded that it was required to vacate its previous order granting defendant credit for the time he spent in the Denver County Jail awaiting his parole revocation hearing.

Order affirmed.

BERMAN and VAN CISE, JJ., concur.