**BEBO CONSTRUCTION COMPANY, a Colorado corporation, Plaintiff–Appellant,**

v.

**MATTOX & O'BRIEN, P.C., a Colorado corporation; Judith Ward Mattox; Chris M. Darby; and Excell Development Construction, Inc., a Delaware corporation, Defendants–Appellees.**

No. 96CA2179.

Colorado Court of Appeals, Div. I.

March 16, 2000.

McDermott and Hansen, Gerald P. McDermott, William J. Hansen, Denver, Colorado, for Plaintiff–Appellant.

Warren, Mundt & Martin, P.C., James A. Mundt, Colorado Springs, Colorado, for Defendants–Appellees Mattox & O'Brien, P.C., Judith Ward Mattox, Chris M. Darby.

Holland & Hart, LLP, Edward H. Flitton, III, David S. Prince, Colorado Springs, Colorado, for Defendant–Appellee Excell Development Construction, Inc.

Opinion by Judge METZGER.

In *Bebo Construction Co. v. Mattox & O'Brien, P.C.,* (Colo.App. No. 96CA2179, July 2, 1998)(not selected for publication), we affirmed the summary judgment entered in favor of defendants Mattox & O'Brien, P.C., a Colorado corporation, (the law firm) Judith Ward Mattox, and Chris M. Darby. We also affirmed the judgment of dismissal with prejudice entered in favor of defendant Excell Development Construction, Inc., a Delaware corporation.

In *Bebo Construction Co. v. Mattox & O'Brien, P.C.,* 990 P.2d 78 (Colo.1999), the supreme court reversed our decision and remanded the cause for consideration of the other appellate issues raised by the parties that were not necessary to be addressed in our initial opinion.

The only remaining issue presented is whether the trial court erred in dismissing, for failure to state a claim upon which relief could be granted, Bebo's joint venture claim for vicarious liability against Excell. We hold that, under the unique circumstances of this case, Bebo's complaint did state a claim

for relief against Excell and, accordingly, reverse and remand for further proceedings on this claim.

The facts pertinent to this issue are as follows. The law firm had entered into a joint venture agreement with Excell, which was a consulting firm in the construction industry. Excell financed the operation of the law firm and provided marketing and technical support to the firm, with which it shared offices. In exchange, Excell received 75 percent of the net income of the law firm. Excell does not deny that this arrangement constituted a joint venture.

Bebo sued the law firm, Mattox, and Darby, alleging legal malpractice. It argued that it had been damaged by those defendants' failure to comply with the statute of limitations in a lawsuit against a construction engineer. Bebo also sought damages from Excell, alleging that, because Excell was a joint venturer with the law firm, it was also liable for Bebo's damages.

C.R.C.P. 12(b)(5) motions to dismiss a complaint are viewed with disfavor, and should not be granted unless it appears beyond doubt that the plaintiff cannot prove facts in support of the claim that would entitle the plaintiff to relief. In evaluating such motions, all averments of material fact must be accepted as true, and the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909 (Colo.1996); *Foxley v. Foxley*, 939 P.2d 455 (Colo.App. 1996).

■ A joint venture is a partnership formed for a limited purpose, and the acts of one joint venturer are binding upon other joint venturers if those acts pertain to matters within the scope of the joint venture and the joint venturer had authority to act. *A.B. Hirschfeld Press, Inc. v. Weston Group, Inc.*, 824 P.2d 44 (Colo.App.1991), *aff'd*, 845 P.2d 1162 (Colo.1993). Therefore, just as with partners in a partnership, joint venturers are jointly liable for the obligations of the venture. *See, e.g., Andrikopoulos v. Broadmoor Management Co.*, 670 P.2d 435 (Colo.App. 1983). Specifically, a joint venturer is liable for the negligence of other joint venturers.

*See Mayer v. Sampson*, 157 Colo. 278, 402 P.2d 185 (1965).

Here, Bebo alleged that Excell was a joint venturer with the other defendants in their legal practice and asserted that, as a joint venturer, Excell was jointly liable for their negligence.

■ Excell responds that, because it is a nonlawyer, the Colorado Rules of Professional Conduct prohibited the joint venture. Thus, it contends, it is shielded from liability to Bebo. The trial court agreed with Excell; we agree with Bebo.

■ As pertinent here, the Colorado Rules of Professional Conduct in effect at the times relevant to this case prohibited an attorney from sharing legal fees with a nonlawyer and from forming a partnership with a nonlawyer if any of the activities of the partnership constituted the practice of law. Colo. RPC 5.4(a) and (b). Violations of these rules subjected the attorney to appropriate disciplinary proceedings. Colo. RPC, Scope; *see People v. Bengert*, 885 P.2d 241 (Colo.1994). An agreement entered into in violation of the above Rules is unenforceable and void. *See Network Affiliates, Inc. v. Robert E. Schack, P.A.*, 682 P.2d 1244 (Colo.App.1984).

The issue, then, is whether Excell, as the nonlawyer joint venturer who allegedly profited from the venture, nevertheless may rely upon the Colorado Rules of Professional Conduct to shield itself from liability to innocent third parties such as Bebo. We hold Excell may not so rely.

The same conclusion was reached under somewhat analogous circumstances in *Roylex, Inc. v. Avco Community Developers, Inc.*, 559 S.W.2d 833 (Tex.Civ.App.1977). There, a subcontractor sued its general contractor for moneys owed on a construction project, which included the building of a patio at the private home of a city inspector. The general contractor argued that, because the contract between it and the city inspector was illegal, the subcontractor should not be permitted to recover. The court disagreed, noting that the illegality existed only in the contract between the general contractor and the inspector, and not in the contract between the general contractor and its subcon-

tractor. Observing that there was no evidence indicating the subcontractor knew of the illegality of the transaction, the court held "it would be unjust to permit [the general contractor] to set up its illegal conduct as a bar to [the subcontractor's] recovery." *Roylex, Inc. v. Avco Community Developers, Inc., supra,* 559 S.W.2d at 838.

Similarly, in *Oppenheimer Industries, Inc. v. Firestone,* 39 Colo.App. 448, 569 P.2d 334 (1977), a party to an allegedly illegal real estate brokerage commission agreement, sued the purchaser of the real property, a nonparty to the commission agreement, to collect the commission. Relying upon the rule that "[t]he defense of illegality, although open to the parties and those claiming under them, cannot as a general rule be invoked by third persons," the panel held the purchaser liable to plaintiff. *Oppenheimer Industries, Inc. v. Firestone, supra,* 39 Colo.App. at 450, 569 P.2d at 336. If a nonparty cannot rely upon the illegality of a contract to bar recovery by a party, then neither can the party with regard to its liability to the nonparty. *See generally* A. Bromberg & L. Ribstein, *Bromberg and Ribstein on Partnership* § 704 (1999).

 We are persuaded by these rationales and conclude that a joint venturer such as Excell may not avoid having to defend a lawsuit by relying on the fact that the purpose of the joint venture is prohibited for the other joint venturer. *See The Minnelusa Co. v. Andrikopoulos,* 929 P.2d 1321 (Colo.1996).

Therefore, Bebo did state a claim upon which relief could be granted and Excell's motion should have been denied.

The judgment is reversed and the cause is remanded for further proceedings.

Judge DAVIDSON and Judge CRISWELL* concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.